**Ellis STOKES, Appellant,**

v.

**Richard SCHWEIKER, Secretary of U.S. Department of Health and Human Services, Appellee.**

**No. 83–1327.**

United States Court of Appeals, Third Circuit.

Argued Jan. 25, 1984.
Decided March 14, 1984.

Eric J. Fischer (argued), Community Legal Services, Inc., Philadelphia, Pa., for appellant.

James C. Newman, Acting Regional Atty., Michael P. Meehan (argued), Asst. Regional Atty., Suzanne Wynn, Legal Asst., Dept. of Health & Human Services, Region III, Edward S.G. Dennis, Jr., U.S. Atty., Margaret L. Hutchinson, Rachel Shao, Asst. U.S. Attys., Eastern District of Pennsylvania, Philadelphia, Pa., for appellee.

Before HUNTER and WEIS, Circuit Judges, and GERRY, District Judge.[*]

## OPINION OF THE COURT

WEIS, Circuit Judge.

The plaintiff was denied disability benefits on the basis that he could perform unskilled labor despite his mental illness. The Secretary later issued a departmental circular requiring that a more detailed assessment of a claimant's residual functional capacity be made in cases of mental disability. We will remand for reconsideration with particular attention to the admonitions in the circular.

The plaintiff's request for benefits under both Social Security and Supplemental Security Income was denied by an ALJ after a hearing. The Appeals Council denied review, and the district court entered summary judgment for the Secretary.

Plaintiff is a twenty-two year old, single male, who completed the ninth grade in high school. Two efforts at the tenth grade were unsuccessful. There is a report of alcohol and marijuana abuse beginning at age 14.

According to the medical history, plaintiff began to have hallucinations in 1978. In January 1979, he became acutely psychotic and attempted to strangle his mother when he heard voices saying that she was trying to poison him. He was hospitalized and two months later discharged with a diagnosis of acute schizophrenic episode.

Thereafter, plaintiff was treated on an outpatient basis and continued on medication. In October 1979, his attending physician, Dr. Emanuel Chat, diagnosed the plaintiff's condition as schizophrenia, catatonic type. Dr. Chat reported in November 1979 that the plaintiff had delusions of persecution and recurrent auditory hallucinations. The doctor prescribed a number of drugs and noted that the patient would require treatment for an extended period.

[*] The Honorable John F. Gerry, United States District Judge for the District of New Jersey, sitting by designation.

At about the same time, plaintiff was examined at the Secretary's request by Dr. Walter Dalsimer. His diagnosis was paranoid schizophrenia in partial remission. In 1980, Dr. Dalsimer again examined the claimant and made the same diagnosis.

Dr. Chat continued the plaintiff's outpatient treatment, and on February 20, 1981 reported "no change." A clinic report of September 1981 stated that plaintiff's self-image, judgment and insight, as well as his prognosis, were all poor.

The plaintiff's work history after his hospitalization in 1979 was not impressive. Apparently he worked as a dishwasher in 1980 for a period not in excess of two months. According to his mother, with whom he continued to live, plaintiff also had ten or twelve other jobs for very short periods, in some instances for only one day. She believed that he was unaware of the need to be on time for work and had difficulty following directions on the job.

The ALJ concluded that the record did not establish that the plaintiff's mental impairment was severe enough to preclude work as a dishwasher. Although plaintiff was impaired by schizophrenia, he had the "residual functional capacity to perform work-related functions" except employment "involving high stress and significant interpersonal relations." The plaintiff's "past relevant work as a dishwasher" did not come within those exceptions, and therefore he was not entitled to benefits.

The record in this case is characterized by vagueness. None of the physicians who examined or treated plaintiff expressed any opinion about his ability to work. None of the plaintiff's employers submitted any reports or commented on the plaintiff's performance, or lack of it, in the workplace. The only evidence in the record on his ability to work is the testimony of his mother who said that he was not alert much of the time and could not be depended on to carry out assignments.

The ALJ found that the "claimant's past relevant work" was that of a dishwasher. However, in the administrative file is a notation by a representative of the Secretary that "his only past work as a dishwasher for two months is not vocationally relevant." Another agency report lists "no relevant vocational experience." Based on this record, there is reason to question the plaintiff's ability to engage in substantial gainful activity.

Cases in which psychological impairments are to be evaluated are more difficult to resolve than those presenting physical disabilities. We have had occasion to consider three mental disability cases in recent months. *Daring v. Heckler,* 727 F.2d 64 (3d Cir.1984); *Wallace v. Secretary of Health and Human Services,* 722 F.2d 1150 (3d Cir.1983); *Van Horn v. Schweiker,* 717 F.2d 871 (3d Cir.1983). In each case, we found it necessary to remand for further development of the record.

The underlying problem arises from the application of the Secretary's general regulations on disability to mental impairment cases. The regulations provide a five-step procedure for determining whether disability is present. Benefits are denied if the claimant is engaged in substantial gainful activity or his impairment is not severe. 20 C.F.R. §§ 404.1520(b), (c); 416.920(b), (c) (1983). If an impairment equals the level of severity in the Secretary's Listing of Impairments, then benefits are awarded. *Id.* §§ 404.1520(d); 416.920(d). If, however, the claimant's condition is such that it does not meet the Listing of Impairments, then it must be determined whether the individual has a sufficient "residual functional capacity" to perform his former work or any other work available in the economy. 20 C.F.R. §§ 404.1520(e), (f)(1); 416.1520(e), (f)(1).

In *Mental Health Association of Minnesota v. Heckler,* 720 F.2d 965 (8th Cir.1983), the court addressed an assumption applied by some agency adjudicators that claimants whose mental disabilities did not meet those in the Listing of Impairments retained sufficient capacity to do at least unskilled work. The court upheld, for the most part, an injunction against the use of such a presumption.

The Secretary apparently also found fault with the evaluation of mental disability cases, and on April 27, 1983 issued a circular on "Evaluating Mental Impairments in Young Workers." This publication states that "a finding of ability to engage in substantial gainful activity cannot be justified solely on the basis that the impairment does not meet or equal the level of severity described by the listing." The residual functional capacity determination "must measure the ability to meet the minimal standards of a normal competitive work setting on a sustained basis."

The circular also observes that assessments of residual functional capacity "in mental disorders include consideration of such factors as the ability to understand, to carry out and remember instructions, and to respond appropriately to supervision, co-workers and customary pressures in a routine work setting." *See* 20 C.F.R. §§ 404.-1545(c); 416.945(c); *see also Van Horn v. Heckler*, 717 F.2d 1196, 1198 (8th Cir.1983).

The policy set out in the circular is pertinent, stressing as it does the necessity to evaluate the plaintiff's ability to function in the workplace. The ALJ here did not have an opportunity to review and apply the admonitions in the circular because it was not issued until more than a year after the hearing. In these circumstances, we conclude that the case should be remanded, particularly for consideration in light of the circular.

Accordingly, this case will be remanded to the district court with instructions to remand to the Secretary for further proceedings consistent with this opinion.