STOKES, Ellis, Appellant,

v.

Otis R. BOWEN, M.D., Secretary of U.S. Department of Health and Human Services.

No. 86–1477.

United States Court of Appeals, Third Circuit.

Argued Jan. 21, 1987.

Decided Feb. 19, 1987.

## OPINION OF THE COURT

JAMES HUNTER, III, Circuit Judge:

This is an appeal from a denial by the district court of a petition for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) (1978 & Supp.1986). Appellant Ellis Stokes ("Stokes") is a social security disability claimant, who suffers from paranoid schizophrenia and severe mental retardation. He has been institutionalized for short periods of time, and has never been employed except for a few brief stints as a dishwasher. Nevertheless, the Secretary found that Stokes had enough residual functional capacity to engage in his previous employment as a dishwasher, and thus concluded that Stokes was not disabled within the meaning of the Social Security Act. The district court affirmed the Secretary, but we vacated his decision and remanded to the district court, with instructions that the Secretary evaluate Stokes' claim pursuant to a newly-issued circular outlining the agency's policy on mental-health disability claims. *See Stokes v. Schweiker,* 729 F.2d 932 (3d Cir.1984). Upon remand, the ALJ awarded Stokes disability benefits. Stokes now seeks attorney's fees.

The EAJA provides that "a court shall award to a prevailing party other than the United States" reasonable attorney's fees and expenses "incurred by that party in any civil action ... brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Before addressing this dispute, we first must clarify the meaning of substantial justification. The Secretary asserts that the test of whether or not the government's position in Social Security disability cases is substantially justified is essentially one of reasonableness, something less than substantial evidence. But the Secretary's position must fail because the meaning of the term "substantially justified" has been effective-

Eric J. Fischer (argued), Community Legal Services, Inc., Philadelphia, Pa., for appellant.

Teena Berman (argued), Asst. Regional Counsel, Beverly Dennis, III, Chief Counsel, Region III, Charlotte Hardnett, Supervisory Asst., Dept. Health and Human Services, Edward S.G. Dennis, Jr., U.S. Atty., James G. Sheehan, Asst. U.S. Atty., Chief, Civil Div., Margaret L. Hutchinson, Asst. U.S. Atty., Philadelphia, Pa., for appellee.

Before GIBBONS, Chief Judge, WEIS, and HUNTER, Circuit Judges.

ly resolved by Congress. In reviving EAJA, the House Report stated:

> Another problem which has developed in the implementation of the Act has been the fact that courts have been divided on the meaning of "substantial justification." Several courts have held correctly that "substantial justification" means more than merely reasonable. Because in 1980 Congress rejected a standard of "reasonably justified" in favor of "substantially justified," the test must be more than mere reasonableness.
>
> Especially puzzling, however, have been statements by some courts that an administrative decision may be substantially justified under the Act even if it must be reversed because it was arbitrary and capricious or was not supported by substantial evidence. Agency action found to be arbitrary and capricious or unsupported by substantial evidence is virtually certain not to have been substantially justified under the Act. Only the most extraordinary special circumstances could permit such an action to be found to be substantially justified under the Act.

H.R.Rep. No. 120, 99th Cong., 1st Sess. 9–10, *reprinted in* 1985 U.S.Code Cong. & Admin.News 132, 138.

 "Substantial justification 'constitute[s] a middle ground between an automatic award of fees to a prevailing party and an award made only when the government's position was frivolous.'" *Washington v. Heckler,* 756 F.2d 959, 961 (3d Cir.1985) (quoting *Dougherty v. Lehman,* 711 F.2d 555, 563 (3d Cir.1983)). The burden of proving substantial justification is on the government. 756 F.2d at 961. To carry his burden, the Secretary must demonstrate "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory [he] propounds; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *Id.* (citing *Citizens Council of Delaware County v. Brinegar,* 741 F.2d 584, 593 (3d Cir.1984); *Dougherty,* 711 F.2d at 564).

Our review of the district court's denial of attorney's fees is plenary. *See Washington,* 756 F.2d at 963.

 The government has not borne its burden of demonstrating a "reasonable basis in truth for the facts [it has] alleged" in the course of the Stokes litigation. In applying the five-step sequential evaluation of disability claims set out in 20 C.F.R. § 404.1520 (1986), the ALJ ended his inquiry at step four, which·provides that

> If we cannot make a decision based on your current work activity or on medical facts alone, and you have a severe impairment(s), we then review your residual functional capacity and the physical and mental demands of the work you have done in the past. If you can still do this kind of work, we will find that you are not disabled.

20 C.F.R. § 404.1520(e). The ALJ found that Stokes was able to perform his past work as a dishwasher, and was therefore not disabled. However, as we noted in *Stokes v. Schweiker,* the Secretary's own representatives did not consider Stokes' experience as a dishwasher to be vocationally relevant. *See* 729 F.2d at 934. To be "vocationally relevant" for purposes of § 404.1520(e), past work must constitute "substantial gainful activity." 20 C.F.R. § 404.1565(a) (1986). Under the regulations, a claimant will not be found to have engaged in substantial gainful activity if

> ... (iv) [his] earnings averaged less than $170 a month in calendar year 1978; or
>
> (v) [his] earnings averaged less than $180 a month in calendar year 1979; or
>
> (vi) [his] earnings averaged less than $190 a month in calendar years after 1979.

20 C.F.R. § 404.1574(b)(3) (1986). Stokes' sporadic part-time employment at the wage rate of approximately $60.00 a week does not constitute substantial gainful activity under the regulations. The transcript of the initial hearing before the ALJ indicates that Stokes never worked for more than a couple of months each year.[1] If Stokes worked for two months in 1980 at the rate

---

1. The ALJ who concluded that Stokes was not

disabled noted that Stokes "last worked on Sep-

of $60.00 a week, his average monthly income for 1980 would be $40.00 a month—far below the minimum required by the regulations. Thus the fact alleged by the government—that Stokes had previous work experience relevant to his disability claim—did not have a "reasonable basis in truth."

Second, the government has failed to demonstrate a "reasonable basis in law for the theory propounded." In *Stokes v. Schweiker,* we remanded this case so that the ALJ could apply the criteria for evaluating mental disability set out in a Social Security Administration program circular issued on April 27, 1983 (exactly fifteen months after the ALJ denied Stokes disability benefits). The April 27 circular provided that

> [Residual functional capacity] assessments in mental disorders include consideration of such factors as the ability to understand, to carry out and remember instructions, and to respond appropriately to supervision, coworkers and customary pressures in a routine work setting.

SSA Program Circular 03–83–ODP (April 27, 1983). In *Stokes,* we found that the ALJ's treatment of this case was "characterized by vagueness," 729 F.2d at 934, and did not meet the standards of specificity set out in the circular. Although we remanded the Stokes matter to the ALJ to give him an opportunity to reevaluate the case in light of the circular, we did not find that the circular signaled a change in the applicable regulations. The circular merely reiterates, virtually verbatim, the regulations by which the ALJ was already bound.[2] Indeed, the circular notes that

*"[c]urrent procedures* call for such assessments to be recorded on the RFC [residual functional capacity] form" (emphasis added). Therefore, by his failure to make the inquiry mandated by the regulations, and to rely instead on Stokes' so-called "work experience" and other evidence that had no direct bearing on Stokes' ability to work, the Secretary did not demonstrate a "reasonable basis in law for the theory [he] propounds."

We will remand this case to the district court for calculation of attorney's fees under the EAJA. The district court shall calculate and award fees for time spent litigating this case on the appellate as well as on the trial level. We note that, notwithstanding the issuance of the circular the day before the district court handed down its decision in this case, the infirmities of the Secretary's position remained substantially the same throughout the appellate process. Thus, "[w]e perceive no reason why the district court should not set the fees for work in both courts when representation in each was required. That practice reduces the time and effort required of counsel and also simplifies judicial oversight of the process." *Guido v. Schweiker,* 775 F.2d 107, 110 (3d Cir.1985). *Accord Brinker v. Guiffrida,* 798 F.2d 661, 669 (3d Cir.1986).

The judgment appealed from is reversed and the case remanded for determination of the amount of the award.

---

tember 29, 1981, a single day for a restaurant at 15th & Locust Streets. He also worked two months in 1980. [Stokes] really was not sure if this work was in 1979 or 1980 or whether it was for one or two months." The ALJ also noted that Stokes' mother "stated that [Stokes] had ten to twelve jobs since 1979 always for short periods of time never more than one to two weeks." Admittedly, the evidence of Stokes' prior work history as presented by Stokes and his mother lacks specificity and precision. However, once the claimant has made a prima facie case of disability, the burden is on the Secretary to prove that the claimant is capable of performing work in the national economy, such as any past

relevant work. *See, e.g., Green v. Schweiker,* 749 F.2d 1066, 1071 (3d Cir.1984). Therefore, it is the Secretary's burden to prove the existence of any past relevant work as that term is defined by the regulations.

2. 20 C.F.R. § 404.1545(c) (1986) provides that:
> When we assess your impairment because of mental disorders, we consider factors such as your ability to understand, to carry out and remember instructions, and to respond appropriately to supervision, co-workers and work pressures in a work setting.