Samuel J. GUTHRIE, Jr., Plaintiff,

v.

**SECRETARY OF HEALTH AND
HUMAN SERVICES,**
Defendant.

**Civ. A. No. 92–534 LON.**

United States District Court,
D. Delaware.

March 28, 1995.

William Schab, Schab & Barnett, George-town, DE (Kirk B. Roose, Roose & Birmingham, Oberlin, OH, of counsel), for plaintiff.

Carolyn T. Greene, U.S. Attorney's Office, Wilmington, DE (Charlotte Hardnett and Deborah Fitzgerald, Dept. of Health and Human Services, Philadelphia, PA, of counsel), for defendant.

## *OPINION*

LONGOBARDI, Chief Judge.

### I. *NATURE AND STAGE OF THE PROCEEDINGS*

Presently before the Court is Plaintiff's Motion for Attorney's Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. [Docket Item ("D.I.") 22]. In his application, Plaintiff seeks fees in the amount of $6,722.45 and expenses in the amount of $200.00. The Government has not responded to Plaintiff's Motion except to state that it does not intend to respond.

Plaintiff's Motion for Attorney's Fees arises against the following procedural background. Plaintiff filed an application for disability insurance benefits and supplemental security income benefits on October 23, 1989, alleging disability due to Ehlers–Danlos Syndrome and diverticular disease. After conducting a hearing on March 27, 1991, the Administrative Law Judge ("ALJ") denied benefits on August 27, 1991. Plaintiff requested review of the ALJ's decision by the Appeals Council, and his request was denied on July 22, 1992. He appealed to this Court on September 15, 1992. (D.I. 1).

On October 26, 1993, the Magistrate issued a Report in which she concluded that the ALJ's decision was supported by substantial evidence, and recommended that the findings of the ALJ be affirmed. (D.I. 17). On March 24, 1994, this Court issued an Order adopting in part and rejecting in part the Magistrate's Report and Recommendation. Specifically, the Court concluded that it was unable either to grant or deny summary judgment because there was competent medical testimony in the record that could support either a grant or denial of benefits. The Court therefore remanded the case to the Secretary to resolve this conflicting evidence with instructions that the Secretary explain on the record the considerations underlying her resolution of the evidence. The Court also instructed the Secretary on remand to consider, under Social Security Ruling 88–13, Plaintiff's testimony regarding his pain.

In his Motion for Attorney's Fees, Plaintiff now contends that he is entitled to an award of fees under the EAJA based upon the fact that this Court remanded his claim to the Secretary for further proceedings.

## II. *DISCUSSION*

Under the EAJA, a prevailing party is entitled to attorney's fees and costs unless the position of the Government was substantially justified or special circumstances make an award unjust.[1] Thus, the inquiry as to whether Plaintiff is entitled to attorney's fees has three steps. First, the Court must determine whether Plaintiff is in fact a prevailing party in this litigation by virtue of this Court's remand Order. If Plaintiff is indeed a prevailing party, then the Court must determine whether the Government's position was substantially justified and/or whether an award of attorney's fees in this case would be unjust. If the Court concludes that an award of attorney's fees is appropriate in this case, then it must determine the amount of fees to be awarded.

### A. *Prevailing Party Status*

■ Plaintiff contends that he is a prevailing party based upon the fact that this Court remanded his case to the Secretary for further proceedings.[2] The Third Circuit's standard for determining prevailing party status is " 'whether plaintiff achieved "some of the benefit sought" by the party bringing the suit.' " *Institutionalized Juveniles v. Secretary of Public Welfare,* 758 F.2d 897, 910 (3d Cir.1985) (quoting *N.A.A.C.P. v. Wilmington Medical Center, Inc.,* 689 F.2d 1161, 1167 (3d Cir.1982), *cert. denied,* 460 U.S. 1052, 103 S.Ct. 1499, 75 L.Ed.2d 930 (1983)). In applying this standard, "[u]sually a common-sense comparison between relief sought and relief obtained will be sufficient to indicate whether a party has prevailed." *Id.* at 911.

■ A second test for determining eligibility for attorney's fees is whether there is a causal relationship between the litigation and the relief obtained from the defendant. *Id.* at 910. In applying this test, "a court should decide whether the litigation 'constituted a material contributing factor in bringing about

---

1. Title 28 U.S.C. § 2412(d)(1)(A) provides for the recovery of attorney's fees and costs as follows:

   Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

   28 U.S.C. § 2412(d)(1)(A) (1994).

2. As far as this Court can tell, the Secretary has not yet rendered her decision as to whether Plaintiff is entitled to benefits.

the events that resulted in the obtaining of the desired relief.'" *Id.* at 916 (quoting *Sullivan v. Commonwealth of Penna. Dep't of Labor and Industry,* 663 F.2d 443, 452 (3d Cir.1981), *cert. denied,* 455 U.S. 1020, 102 S.Ct. 1716, 72 L.Ed.2d 138 (1982)). The Third Circuit instructs that courts are " 'bound to apply the most expansive definition' " in determining whether causation is present. *Id.* (quoting *N.A.A.C.P. v. Wilmington Medical Center,* 689 F.2d at 1169).

In the present case, Plaintiff's purpose in bringing this action was to obtain an award of benefits. What Plaintiff obtained from this Court was a reversal of the Secretary's decision denying him benefits and a remand of his claim for further proceedings. Based upon this result, it seems clear that Plaintiff did indeed achieve, at a minimum, "some of the benefit sought" by bringing suit.

With regard to the causation inquiry, the Court finds that there is a causal relationship between Plaintiff's lawsuit and the Court's reversal of the Secretary's decision. "But for" this lawsuit, Plaintiff would not have obtained a reversal of the Secretary's decision denying him benefits. Plaintiff has, therefore, satisfied both prongs of the Third Circuit's test for prevailing party status.

Notwithstanding the Court's conclusion that Plaintiff has satisfied the Third Circuit's test, the facts of this case fall within the United States Supreme Court's holding in *Secretary of Health and Human Services v. Schaefer,* —— U.S. ——, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993). There, the Court observed that "the exclusive methods by which district courts may remand to the Secretary are set forth in sentence four and sentence six of § 405(g)". *Id.* at ——, 113 S.Ct. at 2629. According to the *Schaefer* Court, a plaintiff who obtains a remand order pursuant to sentence four of § 405(g) can be a prevailing party for EAJA purposes. *Id.* at ——, 113 S.Ct. at 2631. In this case, the remand of Plaintiff's claim was ordered pursuant to sentence four. Thus, although the Secretary has not yet rendered her decision as to whether Plaintiff is in fact disabled, *Schaefer* makes clear that a Plaintiff can nevertheless be a prevailing party for EAJA purposes by obtaining a sentence four remand from a district court. *See id.* (the argument that a Social Security claimant does not "prevail" until he is awarded benefits is wrong; "[n]o holding of this Court has ever denied prevailing-party status (under § 2412(d)(1)(B)) to a plaintiff who won a remand order pursuant to sentence four of § 405(g)."); *Breaux v. United States Department of Health and Human Services,* 20 F.3d 1324, 1325 (5th Cir.1994) (a claimant who obtains a sentence four remand qualifies as a prevailing party under the EAJA); *Magray v. Sullivan,* 807 F.Supp. 495, 498–99 (E.D.Wis.1992) (plaintiff became a prevailing party in winning a sentence four remand because, by doing so, she obtained the relief that her lawsuit was aimed to obtain). Based upon the foregoing, the Court finds that Plaintiff is a prevailing party for purposes of an attorney's fee award under the EAJA.

### B. *Substantial Justification*

█ Having concluded that Plaintiff is a prevailing party for purposes of an award of attorney's fees, the Court turns now to the issue of whether the Government's position was substantially justified. The Third Circuit has stated that " '[s]ubstantial justification "constitute[s] a middle ground between an automatic award of fees to a prevailing party and an award made only when the government's position was frivolous." ' " *Stokes v. Bowen,* 811 F.2d 814, 816 (3d Cir. 1987) (citations omitted). The burden of proving substantial justification rests with the Government. *Id.* To carry this burden, the Government must demonstrate: 1) a reasonable basis in truth for the facts alleged; 2) a reasonable basis in law for the theory it propounded; and 3) a reasonable connection between the facts alleged and the legal theory advanced. *Hanover Potato Products, Inc. v. Shalala,* 989 F.2d 123, 128 (3d Cir.1993) ("an agency position is substantially justified if it has a reasonable basis in both law and fact.") (citing *Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988)); *Taylor v. Heckler,* 835 F.2d 1037, 1040 (3d Cir.1987); *Garcia v. Schweiker,* 829 F.2d 396, 399 (3d Cir.1987). The Government must justify both its original position at the agency level, and its position

at the district court level. *See Taylor*, 835 F.2d at 1040; *Spence v. Bowen*, 682 F.Supp. 236, 237 (D.Del.1988) (government must demonstrate substantial justification for its position both in the agency proceedings and in the civil litigation).

In this case, the Government has completely failed to satisfy its burden by filing *no* substantive response to Plaintiff's Motion for Attorney's Fees, and by indicating that it intends to file no such response. *Cf. Emerson v. Secretary of Health and Human Services*, Civil Action No. 90–666–LON (D.Del., March 11, 1994) (Longobardi, C.J.) (Government failed to respond to Plaintiff's motion for attorney's fees). As in *Emerson*, the Government in this case has not offered *any* justification whatsoever for its positions at the agency level and before this Court, much less a reasonable basis in law and fact. For this reason, in the absence of any showing by the Government that its position was substantially justified, Plaintiff is entitled to attorney's fees and costs under the EAJA, unless special circumstances exist that would make such an award unjust. The Government has pointed to no such special circumstances, *see Martin v. Heckler*, 773 F.2d 1145, 1150 (11th Cir.1985) (the Government bears the burden of demonstrating the existence of special circumstances), and the Court is aware of none. Plaintiff is, therefore, entitled to attorney's fees and costs under the EAJA.

### C. *Amount of Fees*

■ In determining attorney's fees under the EAJA, the applicable rate is $75 per hour, increased by a percentage equal to the increase in the cost of living since October 1981 as measured by the Consumer Price

Index ("CPI"). 28 U.S.C. § 2412(d)(2)(A) ("attorney fees shall not be awarded in excess of $75 per hour unless the court determines that an increase in the cost of living or a special factor ... justifies a higher fee."); *Dewalt v. Sullivan*, 963 F.2d 27, 30 (3d Cir. 1992) ("[I]n awarding fees pursuant to § 2412(d) of the EAJA, the court is required to apply the statutory cap [$75], as affected by general inflation since [October] 1981, and that the CPI–ALL index ... provides an appropriate measure of such inflation."). Because Plaintiff became a prevailing party upon the Court's entry of final judgment on March 24, 1994, the appropriate CPI–ALL is that which corresponds to March 1994: 441.1.[3] *See* BLS Consumer Price Index, in 3 *Labor Law Reporter* (CCH) ¶ 6606, at 14,989. The appropriate CPI for October 1981 is 279.9.[4] (D.I. 22, Exh. D). Thus, the appropriate hourly rate for attorney's fees is $75 × (441.1/279.9) = $118.19.

The calculations provided by Plaintiff's counsel differ in two respects from those found by the Court to be appropriate. First, in determining the applicable hourly rate, Plaintiff's counsel applies the CPI for October 1993, 436.4, whereas the Court has found that the appropriate CPI is 441.1, which corresponds to the month when Plaintiff became a prevailing party, March 1994. Second, Plaintiff's counsel applies the CPI for October 1980, 253.9, based upon their contention that "Congress's purposes for delaying the effective date of the EAJA by one year were technical legislative reasons implying no desire to allow inflation between 1980 and 1981 to erode permanently the awards available under the EAJA from $75.00 down to $68.81 per hour in 1980 dollars." (D.I. 22, Exh. D). As indicated above, however, the Court disagrees and has found the appropriate CPI to

---

3. In its Motion for Fees, Plaintiff uses the CPI index for October 1993 because that is the "most recent easily-available month." Although that may have been true at the time the Motion was filed, the Court finds that the appropriate CPI index to calculate fees in this case is March 1994 because that was when Plaintiff became a prevailing party. *See Spence*, 682 F.Supp. at 246 (applying closest CPI to date Plaintiff became prevailing party).

4. Plaintiff contends that the 1980 index, rather than 1981 should be used and, therefore, the

appropriate CPI is 253.9. The Court disagrees. *See Allen v. Bowen*, 821 F.2d 963, 967 (3d Cir. 1987) ("We therefore join those courts which have read [the EAJA] as intending to have the cost of living adjustment to the $75 an hour rate measured *from 1981*.") (emphasis added); *see also Dewalt*, 963 F.2d at 30 ("Congress has decreed that the public fisc shall be vulnerable only to the extent of $75 per hour plus 'cost of living' increases *since 1981*, and we cannot sanction fee awards in excess of that limitation ...") (emphasis added).

be 279.9, which corresponds to October 1981. Based upon its calculations, Plaintiff requests an hourly rate of $129.00 for Attorneys Schab and Roose, and an hourly rate of $100.00 for Attorney Meadows. Based upon the Court's reasoning and calculations, however, the appropriate hourly rate for Attorneys Schab and Roose is $118.00, and the rate for Attorney Meadows is $100.00.[5] The Court will thus apply these rates in fixing a fee award.

Plaintiff's counsel have provided affidavits indicating that Attorney Schab spent a total of 13.15 hours working on Plaintiff's case before this Court, Attorney Roose spent 20.9 hours, and Attorney Meadows spent 23.3 hours. As the Government has failed to respond to Plaintiff's Motion for Fees, the reasonableness of the number of hours asserted remains unrefuted. The Court has, however, taken it upon itself to review the descriptions of the services provided by counsel and the time spent performing these services, and finds nothing unreasonable in their documentation. The Court will, therefore, compensate Plaintiff's counsel for the total number of documented hours. Thus, Plaintiff is entitled to recover fees in the amount of: 34.05 (hours spent by Attorneys Schab and Roose) × $118.00 per hour = $4,017.90, and 23.3 (hours spent by Attorney Meadows) × $100.00 per hour = $2,330.00, for a total of $6,347.90.

Plaintiff also requests an award of costs in the amount of $200.00 to cover the fees for filing, postage, and copying in this action. Section 2412(a) of the EAJA provides for the recovery of costs other than attorney's fees and costs. 28 U.S.C. § 2412(a)(1). The costs that are recoverable are enumerated in 28 U.S.C. § 1920. According to § 1920, fees for filing and copying are recoverable costs. *See* § 1920(1), (4). Postage fees are not among those costs enumerated in § 1920. *See also generally* Delaware Local Rule 54.1 (January 1, 1995). Accordingly, Plaintiff is entitled to recover costs for filing and copying, but not postage. Plaintiff's counsel certifies that he incurred $120.00 in filing costs. With regard to the remaining costs incurred,

$80.00, Plaintiff's counsel have not specifically attributed these costs to either postage or copying, but rather, they have generally attributed this cost to both. In the absence of specific delineation of how these $80.00 were spent, the Court finds that $40.00 is a reasonable copying cost and will therefore award Plaintiff $40.00. Plaintiff is thus entitled to a total of $160.00 in costs [$120.00 (filing fee) + $40.00 (copying)].

## CONCLUSION

For all of the foregoing reasons, Plaintiff is entitled to an award of $6,507.90 in attorneys' fees and costs.

---

5. Because Attorney Meadows' usual hourly rate is less than $118.00, the Court will apply her

usual hourly rate of $100.00 to the hours that she spent on Plaintiff's case.