**Filmer PHILPOTT, Plaintiff-Appellant,**

v.

**John W. GARDNER, Secretary of Health, Education and Welfare, Defendant-Appellee.**

**No. 18339.**

United States Court of Appeals Sixth Circuit.

Nov. 15, 1968.

Martin Francis Sullivan, Jr., Louisville, Ky., for plaintiff-appellant.

Ernest W. Rivers, U. S. Atty., John L. Smith, Asst. U. S. Atty., Louisville, Ky., for defendant-appellee.

Before PHILLIPS, COMBS, and COFFIN*, Circuit Judges.

ORDER

Plaintiff-appellant applied for social security disability benefits commencing in November, 1962. Following denial of his claim and exhaustion of administrative remedies, suit was filed in the United States District Court for the Western District of Kentucky for review of the Secretary's decision. The case was remanded to the Secretary for further administrative proceedings. Additional evidence was taken and, as a result, it was found that the claimant was disabled as of June, 1965. The claimant again challenged in the District Court the findings of the Secretary as to the date of disability. The District Court affirmed.

 On this appeal, appellant first contends that he became disabled in November, 1962. We find substantial evidence to support the Secretary's finding that appellant was not disabled within the meaning of the Social Security Act prior to June, 1965.

In addition, appellant challenges the failure of the District Court to act on his motion for allowance of costs under 28 U.S.C. § 2412, and for allowance of attorney's fees under 42 U.S.C.

* The Honorable FRANK M. COFFIN, United States Circuit Judge, First Circuit, sitting by designation.

§ 406. Section 2412 of Title 28 is a statute of general application providing that, in suits by or against the United States, the prevailing party shall be entitled to costs, exclusive of attorney's fees. Section 406 of Title 42, on the other hand, applies only to proceedings under the Social Security Act, and establishes a procedure for determining the value of legal services performed before the Secretary and before the court whenever the court "renders a judgment favorable to a claimant." Here, appellant's suit in the District Court resulted in partial recovery on a claim previously denied in full. This was sufficient to entitle him to his costs under 28 U.S.C. § 2412 and to attorney's fees under 42 U.S.C. § 406. Robinson v. Gardner, 374 F.2d 949 (4th Cir. 1967); Gardner v. Menendez, 373 F.2d 488 (1st Cir. 1967).

The judgment of the District Court is affirmed on the issue of appellant's disability; the case is remanded to the District Court for allowance of costs and attorney's fees within the guidelines of the cases cited above.