Marvin Eugene **WHITEHEAD**, Administrator of the Estate of Della Mae Whitehead, Deceased, Plaintiff-Appellant,

v.

Elliott L. **RICHARDSON**, Secretary of U. S. Department of Health, Education and Welfare, Defendant-Appellee.

No. 71–1035.

United States Court of Appeals, Sixth Circuit.

Aug. 11, 1971.

---

1. This statement is argumentative only. The Court expresses no opinion on the merits of the government's claims.

Martin F. Sullivan, Jr., Louisville, Ky., for plaintiff-appellant.

George J. Long, U. S. Atty., A. Duane Schwartz, Asst. U. S. Atty., Louisville, Ky., for defendant-appellee.

Before PHILLIPS, Chief Judge, PECK, Circuit Judge, and O'SULLIVAN, Senior Circuit Judge.

PHILLIPS, Chief Judge.

The issue presented by this case is whether the District Judge abused his discretion in refusing to make an award of attorneys' fees for the representation before the District Court of a claimant under the Social Security Act. We hold that there was no abuse of discretion and therefore affirm the dismissal of the complaint.

The facts of this case are not in dispute. Marvin Eugene Whitehead is the executor of the estate of his deceased mother. Mrs. Whitehead had filed, through her attorney, a claim with the Secretary of Health, Education and Welfare for disability benefits under the Social Security Act. The claim was denied at all administrative levels. A suit to review the Secretary's decision was then brought in the District Court. Rather than denying or answering the complaint, the Secretary moved the Court, pursuant to 42 U.S.C. § 405(g), to remand the case to him for further action.

The motion was granted, and upon remand an award was made of all the disability benefits previously claimed. Claimant then made a motion before the District Court for summary judgment affirming the decision of the Secretary, and in addition for an award of cost and attorneys' fees. The motion was denied in all respects, and the case was dismissed with an order striking the complaint from the docket.

Claimant now appeals from that dismissal and the striking of the complaint. In the meantime, counsel for the claimant made application to the Secretary for an award of attorneys' fees in compensation for his services rendered at the administrative level, and he was granted by the Secretary a fee equal to 25 per cent of the award previously made to claimant.

■ It is well settled that the Secretary is responsible for determining the value of services rendered before his agency and making an award in compensation for those services. Schneider v. Richardson, 441 F.2d 1320 (6th Cir., decided April 28, 1971); Gardner v. Menendez, 373 F.2d 488 (1st Cir.); 42 U.S. C. § 406(a).

■ Similarly, any award by the District Court of attorneys' fees is limited to compensation for services rendered before that court, Robinson v. Gardner, 374 F.2d 949 (4th Cir.), 42 U.S.C. § 406(b), although that award may be made in terms of a percentage of the claimant's recovery to be subsequently determined on remand rather than a fixed fee. Conner v. Gardner, 381 F.2d 497 (4th Cir.).

■ 42 U.S.C. § 406(b) authorizes the District Court to award attorneys' fees in compensation for services rendered before it. That section reads:

"Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Secretary may, notwithstanding the provisions of section 405(i) of this title, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits."

The tenor of § 406(b) is permissive rather than mandatory. It says that the court *may* make such an award, not that such an award *shall* be made. Congress recognized the difference between the mandatory term "shall" and the permissive term "may". It used the former in connection with § 406(a) (which states the Secretary's duty to award attorneys' fees for services before the agency), whereas it used the latter in § 406(b) in connection with an award of attorneys' fees by a court. This is in keeping with the traditional rule that an award of attorneys' fees by a court is a matter within the sound discretion of the Trial Judge. *See generally*, 6 J. Moore, Federal Practice ¶ 54.77 [2], at 1348–57 (2d ed. 1965).

■ We hold that the District Court did not abuse its discretion in refusing to make an award of attorneys' fees, particularly in view of the limited services performed in the District Court (filing of the complaint) and the substantial award of attorneys' fees made by the Secretary (25 per cent of the claimant's recovery). *Cf.* Dawson v. Finch, 425 F.2d 1192 (5th Cir), cert. denied, 400 U.S. 830, 91 S.Ct. 60, 27 L.Ed.2d 60.

The decision we reach in this case is not in conflict with our decision in Philpott v. Gardner, 403 F.2d 774 (6th Cir.). In *Philpott*, we remanded to the District Court for allowance of attorneys' fees within the guidelines of Robinson v. Gardner, 374 F.2d 949 (4th Cir.) and Gardner v. Menendez, 373 F.2d 488 (1st Cir.). However, in *Philpott*, the attorney had not received an award of fees for his efforts at the administrative level. He was before the District Court on at least two separate occasions and apparently spent considerable time in the District Court on his client's behalf.

Moreover, nothing in the guidelines of *Robinson* and *Menendez* require the District Court to make an award for attorneys' fees. Rather, the court is required only to exercise sound discretion in determining the value of the services rendered before it, and the court is not bound to close its eyes to an award of fees already made by the Secretary and the fact that substantially all the services were rendered at the administrative level.

■■ Finally, appellant argues that he should have been awarded costs, and that the court erred in denying his summary judgment motion since there was no dispute as to any material facts. Under 28 U.S.C. § 2412, costs (in suits by or against the United States) are awarded to the prevailing party. Appellant was not the prevailing party in the District Court since his suit became moot when, upon remand, the Secretary determined that he was entitled to the benefits claimed. Likewise, he was not entitled to summary judgment since, when the Secretary recognized his claim for benefits, his petition for review became moot and his complaint no longer stated a claim upon which relief could be granted.

Affirmed.