**Minnie Pearl RATLIFF, Plaintiff,**

v.

**Elliot L. RICHARDSON, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 987.**

United States District Court,
E. D. Kentucky,
Catlettsburg Division.

Nov. 9, 1973.

28. Id.

29. Id.

David B. Whites, Louisa, Ky., for plaintiff.

Eugene E. Siler, Jr., Lexington, Ky., for defendant.

HERMANSDORFER, District Judge.

This action is before the Court upon a motion by counsel for the plaintiff herein for allowance of an award of attorney's fee in the above styled cause pursuant to 42 U.S.C. § 406(b).

This Court, Bernard T. Moynahan, Jr. presiding, entered a Summary Judgment on behalf of the adopted grandchildren of Columbus Ratliff by an order filed November 4, 1971. The United States Court of Appeals for the Sixth Circuit affirmed that decision by mandate issued November 16, 1972 for the reasons set forth in Judge Moynahan's memorandum opinion. See: Ratliff v. Richardson, 471 F.2d 653 (6th Cir. 1972).

The announced rule of the Sixth Circuit concerning the issue before the Court is that:

" . . . the tribunal that ultimately upholds the claim for benefits is the only tribunal that can approve and certify payment of an attorney fee . . .." Webb v. Richardson, 472 F.2d 529, 536 (6th Cir. 1972).

However, counsel has included as Exhibit B in support of his motion a letter, from James A. Higgins, Clerk, United States Court of Appeals for the Sixth Circuit that seemingly indicates that this Court should entertain the subject motion. That letter, dated November 1, 1973, contains *inter alia* the following:

"This is with reference to your motion of September 17, 1973, for an allowance of attorney's fees in the above case. The court has directed me to advise you that it considers any request for an allowance of an attorney fee in this matter must be presented in the first instance in the District Court."

From the foregoing, it is readily obvious that the Court must reconcile the apparent conflict prior to making any determination as to the amount of the attorney's fee.

Under the provisions of 42 U.S.C. § 406(b)(1), a District Court is authorized to award attorneys' fees in compensation for services rendered before it. Whitehead v. Richardson, 446 F.2d 126, 128 (6th Cir. 1971); Philpott v. Gardner, 403 F.2d 774, 775 (6th Cir. 1968). However, any award by the District Court was limited, prior to *Webb,* to compensation for services rendered before the Court only, Whitehead v. Richardson, *supra* at 128 of 446 F.2d; Philpott v. Gardner, *supra* at 775 of 403 F.2d; Robinson v. Gardner, 374 F.2d 949 (4th Cir. 1967), as the Secretary was held responsible for determining the value of services rendered before his agency and making an award in compensation for those services. Whitehead v. Richardson, *supra* at 128 of 446 F.2d; Schneider v. Richardson, 441 F.2d 1320 (6th Cir. 1971).

The rule, as stated above, was modified in *Webb* so as to preclude, among

other things, the redundancy which resulted from each tribunal from considering the services before it. 472 F.2d at 536. However, *Webb* does not contain any language, express or implied, which would require the Courts of this Circuit to apply the rule announced therein retrospectively, as well as, prospectively. In addition, Mr. Higgins' letter states that this Court should consider the motion "in the first instance" giving rise to a presumption, at least, that "this case" was not to be considered under the *Webb* rule as it was decided on the merits prior to the announcement of that rule.

Accordingly, if this Court is to consider the motion for an allowance of an attorney's fee in a case in which it was not the "ultimate tribunal", then it may only consider the services rendered before it. Whitehead v. Richardson, *supra.*

As the cause giving rise to this claim for an attorney's fee was before this Court on its merits for a period of fourteen months, then an award equal to the ratio of that period and the total months of past due benefits times the total amount of attorney's fees withheld by the Secretary shall be, and the same hereby is, granted and allowed counsel for his services rendered before this Court. The Secretary shall determine the actual amount of compensation awarded counsel. Whitehead v. Richardson, *supra* at 128 of 446 F.2d; Conner v. Gardner, 381 F.2d 497 (4th Cir. 1967).

Counsel's understandable interest in receiving compensation for his services gives rise to the unsolicited advice that he should file another motion for allowances for attorney's fees for services rendered with the Secretary of Health, Education and Welfare as well as with the United States Court of Appeals for the Sixth Circuit incorporating as a part of said motion, a copy of this memorandum opinion and order.