Joseph J. McCOACH, Plaintiff,

v.

Hon. Otis R. BOWEN, Secretary of Health and Human Services, Defendant.

Civ. A. No. 84–1958 (JFG).

United States District Court, D. New Jersey.

Nov. 5, 1987.

Goldenberg, Mackler & Sayegh by Abigail Sayegh, Atlantic City, N.J., for plaintiff.

Samuel A. Alito, Jr., U.S. Atty. by Cornelia Dude, Sp. Asst. U.S. Atty., Newark, N.J., for defendant.

## OPINION

GERRY, Chief Judge:

This is an application for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). The unique factual circumstances underlying this application present an interesting question of statutory interpretation: Whether a party that secures an entitlement commencing at a date later than it originally requested might be considered a "prevailing party" within the meaning of the EAJA. In addition, this motion engages the court in a task that is all too familiar in this Circuit—that of determining whether agency action which was found not to be based upon "substantial evidence" may still be adjudged "substantially justified" for the purpose of defeating a claim for counsel fees under EAJA.

## FACTUAL BACKGROUND

Plaintiff, Joseph McCoach, filed for disability insurance benefits and supplemental security income on February 10, 1983, alleging an onset date of disability of July 18, 1981. Plaintiff's applications were denied initially and upon reconsideration. Following a hearing on November 10, 1983, before an Administrative Law Judge ("ALJ") and a review by the Appeals Council, the Secretary on March 19, 1984, made a final determination that the plaintiff was not disabled.

Plaintiff thereupon instituted an action in this court, seeking a review of the final determination of the Secretary. By Letter Opinion and Order dated July 29, 1985, this court held that the Secretary's determination was not supported by substantial evidence, and remanded the case for further proceedings.

On remand proceedings, the Appeals Council requested that the plaintiff undergo consultive orthopedic and psychiatric examinations. These were performed on December 23 and December 30, 1985, respectively. A new hearing before ALJ Irvin Hackerman was held on January 9, 1986, in the presence of a vocational expert, as required by the Order of Remand from this Court. On April 1, 1986, ALJ Hackerman issued a Recommended Decision finding the plaintiff disabled with an onset date of July 18, 1981. The Appeals Council, however, found that the record evidence, while establishing that the plaintiff had a severe and functionally restrictive back impairment, did not sufficiently support a finding of disability prior to December 30, 1985, the date of the consultive psychiatric examination. Accordingly, it ordered another hearing before ALJ Alan Neff and a vocational expert to determine what jobs, if any, plaintiff could have performed prior to December 30, 1985. On November 25, 1986, Judge Neff issued a Recommended Decision finding that the plaintiff was disabled as of, but not prior to, December, 1985. The decision of Judge Neff was affirmed by the Appeals Council on April 16, 1987, granting plaintiff disability benefits as of December 2, 1985. No appeal was made by plaintiff of this decision.

## LEGAL ANALYSIS

Sections 2412(b) and (d)(1)(A) of the EAJA provides for the award of "reasonable fees and expenses of attorneys ... to the prevailing party in any civil action brought by or against the United States or any agency or official of the United States ... unless the court finds that the position

of the United States was substantially justified...." 28 U.S.C. §§ 2412(b), (d)(1)(A).

■ The Secretary contests the instant application for fees first by arguing that plaintiff has not "prevailed" within the meaning of 28 U.S.C. § 2412(b) because, while he was ultimately found to be entitled to disability benefits, the onset date for disability was determined to have occurred substantially later than the originally adjudicated period. This argument, while not without intuitive appeal, overlooks the basic fact that attorney fees awards are generally appropriate under fee-shifting statutes when a party has merely "established his entitlement to *some* relief on the merits of his claims...." *Hanrahan v. Hampton*, 446 U.S. 754, 757, 100 S.Ct. 1987, 1989, 64 L.Ed. 2d 670 (1980) (emphasis added). In *Nadeau v. Helgemoe*, 581 F.2d 275 (1st Cir. 1978) the Court of Appeals for the First Circuit formulated a "two-axle" test for determining EAJA "prevailing party" status. Under *Nadeau*, parties are considered prevailing either if (i) "they succeed in any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit," 581 F.2d at 278–79, or (ii) if they, by virtue of bringing suit, become the "catalyst" for the achievement of their ultimate benefit; that is, if the litigation is a "necessary and important factor in achieving the improvements" sought by the parties. *Id.* at 281; *Martinez v. Rhode Island Housing and Mortgage Finance Corp.*, 628 F.Supp. 996, 998 (D.R.I.1986). The "catalyst" prong of the *Nadeau* test, adopted by this Circuit in *Ross v. Horn*, 598 F.2d 1312 (3d Cir.1979) requires this court to inquire into the "causal connection" between the litigation and the party's ultimate success. *Ross, supra*, 598 F.2d at 1322. This inquiry turns on the "provocative role of the plaintiff's lawsuit" in securing the plaintiff's entitlements. *J & J Anderson, Inc. v. Town of Erie*, 767 F.2d 1469, 1475 (10th Cir.1985).

In the instant case, plaintiff sought review in this court of the Secretary's final order denying benefits and secured an Order of Remand for further proceedings. In our accompanying Letter Opinion, we held that the ALJ had erred in not considering "documented psychiatric evidence and claimant's non-exertional impairment (depression)." Op. at 3. We therefore commanded the Secretary, on remand, to "consider the claimant's exertional and non-exertional impairments together and determine the impact of the non-exertional impairments on the claimant's ability to do sedentary tasks, using a vocational expert to assist him in addressing this issue." Op. at 4.

Consequently, the Secretary requested that plaintiff undergo a consultive psychiatric exam, and he employed the services of a vocational expert at plaintiff's subsequent administrative hearings before ALJs Hackerman and Neff. It was this additional medical-vocational guidance that finally convinced the Secretary of plaintiff's disability. The Secretary now argues that because this "new medical evidence" was the determinative factor in plaintiff's successful claim, the filing of the civil action was essentially superfluous, and "plaintiff could have achieved the same result by filing new applications for benefits." Defendant's Mem. of Law at 3. This argument, however, assumes the very point at issue; it assumes that the Secretary would have gratuitously applied similar additional psychiatric and vocational resources to plaintiff's case as he was directly and indirectly obliged to do by the force of the litigation. In *Philpott v. Gardner*, 403 F.2d 774 (6th Cir.1968), a court facing an identical fact situation as here refused to accept such an assumption. There, the plaintiff applied for social security benefits, alleging an onset date of November, 1962. After denial of his claims in agency proceedings, the plaintiff brought suit in federal district court and won a remand. There, as here, additional evidence was taken on remand which resulted in a finding of disability commencing at a later date (June, 1965) than that originally litigated. Nevertheless, the court, finding that "appellant's suit ... resulted in partial recovery on a claim previously denied in full" held that the plaintiff was a "prevailing party" with-

in the meaning of 28 U.S.C. § 2412, and entitled to costs and attorney's fees. 403 F.2d at 775. *See also Sterner v. Department of Army*, 711 F.2d 1563, 1567 (Fed. Cir.1983) (reading *Philpott* as holding that EAJA requires "less than total victory to satisfy the requirement of prevailing.").

This court therefore concludes that consistent with *Philpott* and with the "catalyst" axle of the *Nadeau* test, plaintiff's lawsuit played a sufficiently provocative role in the outcome of his case to warrant a finding that he is a "prevailing party" for the purposes of EAJA.

■ The Secretary next argues that even if plaintiff may be considered a "prevailing party" under EAJA, the agency's position in opposing plaintiff's disability claims was "substantially justified" and thus cannot trigger the fee-shifting machinery of the statute. The Secretary asserts that the test of whether or not a government action is substantially justified "is essentially one of reasonableness." Therefore, argues the Secretary, even though this court previously determined that the agency's original decision denying plaintiff's claims was not based on "substantial evidence," we may yet find that its position was "reasonable" in law and fact and thus "substantially justified." Defts. Mem. of Law at 4.

This is a question that has given courts of our Circuit considerable difficulty in recent years. The legal principles are settled: "Substantial justification 'constitute[s] a middle ground between an automatic award of fees to a prevailing party and an award made only when the government's position was frivolous.'" *Washington v. Heckler*, 756 F.2d 959, 961 (3d Cir. 1985) (*citing Dougherty v. Lehman*, 711 F.2d 555, 563 (3d Cir.1983)). The burden of proving the statutory concept of substantial justification, placed upon the government, "is a strong one," requiring more than the adduction of "some evidence" to support its underlying position. *Edge v. Schweiker*, 814 F.2d 125, 128 (3d Cir.1987); *Russell v. Heckler*, 814 F.2d 148, 153 (3d Cir.1987). Instead, the government must show:

a reasonable basis in truth for the facts alleged, a reasonable basis in law for the theory it propounds, and a reasonable connection between the facts alleged and the legal theory advanced.

*Edge v. Schweiker, supra*, 814 F.2d at 128. While settled, and oft-quoted, these formulations have been easier to state than to apply. "In the final analysis," as Judge Aldisert candidly put, "notwithstanding reams of writing and analysis, this single phrase, 'substantially justified', comes down to this: the clause means only what a particular judge wants it to mean." *Washington v. Heckler, supra*, 756 F.2d at 968 (Aldisert, C.J., concurring).

Nevertheless, on the narrow question before us—whether agency action that has been held to be unsupported by substantial evidence could be considered to be substantially justified—we recently have received additional, and, we believe, definitive guidance. In the House Report accompanying the 1985 reenactment of EAJA, the Committee stated:

Agency action found to be arbitrary and capricious or *unsupported by substantial evidence is virtually certain not to have been substantially justified under the Act.*

H.R.Rep. No. 120, 99th Cong., 1st Sess. 9–10, *reprinted in* 1985 U.S.Code Cong. & Admin.News 132, 138 (emphasis added). In *Stokes v. Bowen*, 811 F.2d 814 (3d Cir. 1987), the Third Circuit seized upon this language to reject the Secretary's position that the test of substantial justification "is essentially one of reasonableness, something less than substantial evidence." 811 F.2d at 815. Quoting from the above-cited section of the House Report, the court stated that "the Secretary's position must fail because the meaning of the term 'substantially justified' has been effectively resolved by Congress." *Id.* at 815–16. Thus, it appears that despite the "reasonable basis in law and fact" standard still enunciated by our Circuit, any agency action found to be not based on "substantial evidence" is

"virtually certain" to be not "substantially justified" for EAJA attorney's fees cases.[1]

Applying this extremely stringent standard to the instant case, we cannot conclude that the Secretary's action was "substantially justified" either in fact or in law. In finding that the Secretary's original decision denying benefits to plaintiff was not based on "substantial evidence" we highlighted several infirmities with the agency's analysis. First, we found that the ALJ's finding that plaintiff did not suffer from a herniated disc was based on the fact that no surgery had been ordered or contemplated for plaintiff. As we pointed out, however, any inference which suggested that lack of a specific treatment indicated a lack of disabling condition was both wrong as a matter of law and factually erroneous, given that the medical evidence indicated that there was no surgical procedure *available* to help plaintiff's condition. Op. at 2. Second, we noted that the ALJ had impermissibly inferred that plaintiff's pain symptomatology was not credible based upon his finding that there existed "no objective data" to confirm it. This inference, we held, ran afoul both of established Circuit precedent, which held that subjective evidence of pain could support a claim even in the absence of objective medical evidence, *Smith v. Califano*, 637 F.2d 968 (3d Cir. 1981), and of the factual evidence of record. Op. at 3. Finally, we held that the ALJ's "mechanical application" of the Medical–Vocational grid profile to the claimant's case was inapposite, given the evidence of plaintiff's non-exertional psychiatric impairments. Op. at 3.

Any of these flaws in the Secretary's disposition of the case, standing alone,

would probably be fatal to a claim that the agency's action here was "substantially justified." *See, e.g., Weakley v. Bowen,* 803 F.2d 575, 579 (10th Cir.1986) (Secretary's position that claimant's condition was correctable by surgery not factually supported and thus not "substantially justified."); *Blanchette v. Heckler,* 586 F.Supp. 903, 906 (D.Colo.1984) (Secretary's "blatant refusal to consider the plaintiff's subjective representations of pain" as supporting disability claim rendered its position not substantially justified.); *Cornella v. Schweiker,* 728 F.2d 978, 985 (8th Cir.1984) (Secretary's failure to properly consider non-exertional impairments in applying Medical–Vocational guidelines violated case law and Secretary's own regulations and rendered his position not substantially justified in law.). Taken together, these infirmities in the Secretary's decision compel the conclusion that the Government's position against this plaintiff cannot be considered "substantially justified." [2]

Accordingly, as the plaintiff has shown that he is the prevailing party in this case and as the Secretary has failed to demonstrate that his position opposing plaintiff's claims was substantially justified, an award of attorney's fees and costs pursuant to 28 U.S.C. § 2412 is warranted and will be granted. An appropriate order has been entered.

---

1. The only exception to this seemingly *per se* rule is that counsel fees will not be awarded, even when the agency action is found to be not supported by "substantial evidence," when the government's case "turns on an unsettled or close question of law." *Edge v. Schweiker, supra,* 814 F.2d at 128. Because we find that the government's case in the instant action was not premised on such a legal theory, we need not examine nor apply this exception.

2. The Secretary argues in his brief that because the ultimate administrative disposition of the case did not disturb the findings found by this court to be unsupported by substantial evidence,

and because plaintiff chose not to appeal this ultimate disposition, the Secretary's position on the original issue of plaintiff's disability must have been "substantially justified." Defts. Mem. of Law at 9. However, a plaintiff's subjective decision not to further litigation can be, and often is, based upon considerations having nothing to do with the strength or "correctness" of its adversary's position. Moreover, the plaintiff's refusal to continue to dispute the Secretary's action cannot erase this court's determination that that action was not based upon "substantial evidence" and hence, under our law, not "substantially justified."