**Jan M. Sexton SALMI, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

No. M83–24 CA.

United States District Court, W.D. Michigan, N.D.

Feb. 16, 1989.

---

Michael L. Shiparski, Asst. U.S. Atty., Grand Rapids, Mich., for defendant.

## OPINION

HILLMAN, Chief Judge.

This is an action to review the administrative denial of supplemental security income benefits. Plaintiff filed the benefit application involved in this case in 1981. After exhausting all avenues of administrative appeal provided by the defendant Secretary of Health and Human Services, she began the present case in 1983. The following year, this court affirmed the Secretary's decision to deny benefits, and dismissed the complaint. Plaintiff appealed. The Sixth Circuit Court of Appeals reversed, and ordered this court to remand the case to the Secretary for further proceedings. *Salmi v. Secretary of Health and Human Services,* 774 F.2d 685 (1985). On remand, the Secretary awarded full benefits.

The matter is before the court on plaintiff's collateral petition for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, as amended. The Secretary objects to the petition. The court took the parties' EAJA submissions under advisement after oral argument conducted on July 15, 1987, pending an expected en banc decision by the Sixth Circuit in *Riddle v. Secretary of Health and Human Services,* 817 F.2d 1238, *vacated* 823 F.2d 164 (6th Cir.1987). The Supreme Court subsequently mooted *Riddle* by deciding *Pierce v. Underwood,* —— U.S. ——, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). Accordingly, plaintiff's fee petition is now ripe for resolution. The court will grant the petition in all respects.

The EAJA requires the courts to award reasonable fees, costs, and other expenses incurred in a civil suit for judicial review of federal agency action to a prevailing party other than the United States who meets certain net worth requirements, unless the position taken by the United States in the litigation or in the agency action was substantially justified, or unless special circumstances make an award unjust. 28 U.S.C. § 2412.

Joseph F. Lavey, II, Michigan Protection and Advocacy Service, Marquette, Mich., for plaintiff.

The parties agree that plaintiff satisfies the net worth requirements for an EAJA award. The Secretary contends, however, that the court should not award attorney's fees to plaintiff because she was not a prevailing party in this suit within the meaning of the statute. The Secretary also argues against an award on the ground that his position in the case was "substantially justified."

The Secretary asserts that plaintiff did not prevail in this action because she did not obtain an award of benefits from the Sixth Circuit's favorable decision. Rather, the Sixth Circuit remanded for further administrative review. *Salmi,* 774 F.2d at 693. The Secretary relies upon *Brown v. Secretary of Health and Human Services,* 747 F.2d 878 (3rd Cir.1984) for the proposition that a Social Security claimant who succeeds only in winning a remand of her claim does not qualify as an EAJA prevailing party.

This argument is correct as far as it goes, but it does not go far enough. It is generally true that a claimant has not yet prevailed at the time a court remands to the Secretary for additional proceedings. In that situation it may turn out that the additional proceedings result in a second administrative denial of benefits, which may then be upheld upon the parties' return to the remanding court.

Nevertheless, where the Secretary actually grants benefits after remand the appellate decisions, including *Brown,* allow the successful administrative claimant to pursue an EAJA award as the prevailing party in the lawsuit that generated the remand. 747 F.2d at 883–85. *Accord, Singleton v. Bowen,* 841 F.2d 710, 712 (7th Cir.1988); *Swenson v. Heckler,* 801 F.2d 1079, 1080 (9th Cir.1986); *McGill v. Secretary of Health and Human Services,* 712 F.2d 28, 32 (2nd Cir.1983), *cert. denied,* 465 U.S. 1068, 104 S.Ct. 1420, 79 L.Ed.2d 745 (1984). *See also Sherman v. Bowen,* 647 F.Supp. 700, 702 (D.Me.1986); *Andino v. Heckler,* 609 F.Supp. 293, 294–95 (E.D.Wis.1985). Here, plaintiff gained from the Secretary on remand all the benefits she sought in this action before this court and the Court of Appeals. She therefore stands as the prevailing party under the cited case law.

The Secretary additionally contends that plaintiff's benefit award was caused by intervening considerations after remand, rather than the filing and prosecution of this suit. This causation argument appears in several sections of the Secretary's brief, most prominently as an asserted "special circumstance" that would make an EAJA award unjust. It is properly addressed, however, in the context of whether plaintiff is a prevailing party. After all, a plaintiff cannot prevail in a lawsuit unless that suit causes her to obtain the relief she seeks.

In the Sixth Circuit, a plaintiff qualifies as an EAJA "prevailing party" if her lawsuit serves as a "catalyst" in prompting the defendant to take the action desired by plaintiff. *Citizens Coalition for Block Grant Compliance, Inc. v. City of Euclid,* 717 F.2d 964, 966 (6th Cir.1983). The Secretary argues that the direct catalyst for plaintiff's benefit award was the consideration of new evidence and the application of new regulations on remand, rather than plaintiff's success in this action. The court finds this argument unpersuasive.

Initially, the court notes that over twenty years ago the Sixth Circuit held that a Social Security claimant who obtained a district court remand for further proceedings, and was then awarded benefits at the administrative level after presenting additional evidence of disability, was a prevailing party under the costs statute now codified along with the EAJA at 28 U.S.C. § 2412. *Philpott v. Gardner,* 403 F.2d 774, 775 (6th Cir.1968). The *Philpott* court apparently had no difficulty concluding that the plaintiff's lawsuit "resulted in" the benefit award, despite the additional causal factor of new evidence on remand. 403 F.2d at 775.

Moreover, plaintiff's conduct of this suit unquestionably "catalyzed" her ultimate receipt of benefits in the sense that but for her ability to obtain a remand order from the Court of Appeals, she would not have had the opportunity to present the additional evidence identified by the Secretary, and the Secretary likewise would not have applied the new regulations to her application. Numerous decisions have held that a plaintiff qualifies as the prevailing party

under the "catalyst" doctrine where her lawsuit satisfies the "but for" causation test, regardless of the presence of other intervening factual or legal causes. *See, e.g., Rhoten v. Bowen,* 854 F.2d 667, 670 (4th Cir.1988); *Truax v. Bowen,* 842 F.2d 995, 998 (8th Cir.1988) (per curiam) (Heaney, J., dissenting); *Brouwers v. Bowen,* 823 F.2d 273, 275 (8th Cir.1987) (per curiam); *Hicks v. Bowen,* 702 F.Supp. 648, 650 (N.D.Ill.1988); *McDonald v. Bowen,* 693 F.Supp. 1298, 1301 (D.Mass.1988); *Murphy v. Bowen,* 691 F.Supp. 830, 832 (D.N.J. 1988); *Vitale v. Secretary of Health and Human Services,* 673 F.Supp. 1171, 1175–78 (N.D.N.Y.1987); *McCoach v. Bowen,* 672 F.Supp. 807, 809–10 (D.N.J.1987); *Sherman,* 647 F.Supp. at 702–03.

Both Congress and the Supreme Court have approved a "generous formulation" of the term "prevailing party" in the EAJA. H.R.Rep. No. 96–1418, 96th Cong., 2d Sess. 11, *reprinted in* 1980 U.S.Code Cong. & Ad.News 4953, 4984, 4990; *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). In light of this liberal attitude and the authorities cited above, the court is satisfied that a sufficient causal connection exists between plaintiff's lawsuit and the Secretary's ultimately favorable decision on remand to say that the suit acted as the catalyst for plaintiff's receipt of benefits. Plaintiff therefore prevailed in this action within the meaning of the EAJA.

█ Having determined that plaintiff is the "prevailing party" here, the court turns to the question whether the Secretary's position in denying benefits at the administrative level, and defending that denial in this court and the Court of Appeals, was "substantially justified." *See* 28 U.S.C. §§ 2412(d)(1)(A), (d)(2)(D).

Under the EAJA, a federal agency's position is "substantially justified" if it is justified to a degree that could satisfy a reasonable person. *Pierce,* 108 S.Ct. at 2550. To satisfy that hypothetical person, the agency's position must have a reasonable basis both in law and fact. *First Nat. Monetary Corp. v. Commodity Futures Trading Commission,* 860 F.2d 654, 657 (6th Cir. 1988) (per curiam); *Trident Marine Con-*

*struction, Inc. v. District Engineer, United States Army Corps of Engineers,* 766 F.2d 974, 980 (6th Cir.1985). The agency carries the burden of persuasion on the substantial justification issue. *See United States v. 0.376 Acres of Land,* 838 F.2d 819, 820 (6th Cir.1988).

This court need look no further than the opinion of the Court of Appeals to conclude that the Secretary has not shown that he had a reasonable basis in law for his initial treatment of plaintiff's benefit application at the administrative level and in the courts. The court recognizes, of course, that the fact the Secretary lost in the Court of Appeals does not by itself mean that his position was not substantially justified. *Pierce,* 108 S.Ct. at 2550 n. 2 ("a position can be justified even though it is not correct"); *Couch v. Secretary of Health and Human Services,* 749 F.2d 359, 360 (6th Cir.1984) (per curiam).

Nevertheless, close analysis of the Sixth Circuit's decision in this case reveals that the Secretary's legal position was not only substantially unjustified, it bordered on the arbitrary and capricious. The Court of Appeals stated that position succinctly: "[t]he Secretary argues that the severity requirement in 20 C.F.R. § 416.920(c) imposes more than a *de minimis* threshold requirement." *Salmi,* 774 F.2d at 690. The record demonstrates that plaintiff had been denied benefits under this heightened interpretation of the severity regulation, thus foreclosing her opportunity to show disability under the remaining steps of the Secretary's sequential evaluation process. *See* 20 C.F.R. §§ 416.920(d)–(f). *See generally Bowen v. Yuckert,* 482 U.S. 137, 107 S.Ct. 2287, 2298–2300, 96 L.Ed.2d 119 (1987) (O'Connor, J., concurring).

The reason the Secretary's application and defense of a "de minimis plus" construction of the step 2 severity regulation in this case was not substantially justified is because, as the Sixth Circuit stated, that construction "conflict[ed] with the Secretary's previous interpretations" of the statutory severity requirement. *Salmi,* 774 F.2d at 690. This court need not retrace the regulatory history described by the Court of Appeals at pages 690 through 692 of its opinion. It suffices to point out that

the Sixth Circuit concluded that the Secretary maintained a consistent de minimis interpretation of the severity requirement from 1968 up through and including the 1980 regulations that were misapplied in this case. *Id.*

Accordingly, the Secretary's imposition of a "de minimis plus" threshold severity standard to plaintiff's application in this case directly contradicted the Secretary's own interpretation of the applicable regulation, an interpretation that was still in force at the time plaintiff filed her application. It thus appears that the Secretary's position in this case was an instance of his left hand not knowing the actions of his right, if not an effort to speak out of both sides of his mouth.

No reasonable person could be satisfied that the Secretary was justified here in failing to apply *his own* long-standing de minimis construction of the severity requirement. Similarly, no reasonable person could hold that the Secretary was justified in attempting to change his interpretation, if that was his intent, through the *sub rosa* application of a more exacting standard in this case. Such a change in the definition of severity would be legally reasonable only after compliance with the formal procedures for amendment of regulations entailing notice, comment, and publication in the Federal Register, or at least after the issuance of a Social Security Ruling clarifying the new construction.

■ The Secretary argues that his position was substantially justified because this court upheld his initial determination that plaintiff did not suffer from a severe impairment. However, the fact that the Secretary prevailed in this court does not mean that his position was substantially justified. *Pierce*, 108 S.Ct. at 2552 ("Conceivably, the Government could take a position that is not substantially justified, yet win...."); *Sigmon Fuel Co. v. Tennessee Valley Authority*, 754 F.2d 162, 167 (6th Cir.1985). The fact is that the opinion of this court, later reversed by the Court of Appeals, failed to even address the operative legal issue of the proper construction of 20 C.F.R. § 416.920(c). The Secretary cannot convert this court's erroneous opinion into a fig leaf to cover the fact that his conclusion

that plaintiff did not demonstrate a severe impairment was based on the disregard of his own settled interpretation of what constitutes "severity."

In sum, the court concludes that the Secretary had no basis in law for denying plaintiff benefits at the step 2 severity element of the sequential evaluation. The Secretary's position in administrative proceedings and in the courts was therefore not substantially justified for EAJA purposes. Because a proper application of the law to the facts of this case resulted in an award of benefits, plaintiff is entitled to recover her attorney's fees.

Plaintiff's attorney has submitted an affidavit claiming she spent 90.3 hours representing her client in this litigation before this court and the Court of Appeals. She requests a fee of $7,095.75, which reflects an hourly billing rate of $75 plus travel and air fare expenses of $323.25. For the following reasons, the court approves the requested sum as being a reasonable fee in this case under the standards set forth in *Hensley*, 461 U.S. at 433–37, 103 S.Ct. at 1939–41, and *Kreimes v. Department of Treasury*, 764 F.2d 1186, 1191–92 (1985).

■ First of all, the court finds that the hours expended and expenses claimed by counsel are reasonable. This case involved complex issues of statutory construction and administrative law not present in the typical "substantial evidence" Social Security appeal. The court cannot conclude that the approximately seventy hours of thorough and skillful legal research undertaken by counsel in pursuing her cause at the trial and appellate levels were in any way excessive, redundant, or unnecessary. Moreover, the $75 hourly rate requested by counsel does not exceed the prevailing market rate for Social Security work in this district. *See* 28 U.S.C. § 2412(d)(2)(A); *Hensley*, 461 U.S. at 433–34, 103 S.Ct. at 1939–40; *Chipman v. Secretary of Health and Human Services* 781 F.2d 545, 547 (6th Cir.1986).

■ Next, the court finds that the results obtained by counsel were excellent. Plaintiff achieved the full measure of benefits she sought as relief in this suit. In addition, she obtained what might be called

in some sense a landmark ruling from the Court of Appeals. Social Security practitioners in the Sixth Circuit certainly know that along with *Farris v. Secretary of Health and Human Services,* 773 F.2d 85 (6th Cir.1985), the *Salmi* decision is the key case reminding the Secretary of the de minimis nature of the severe impairment threshold, and joining the "chorus of judicial criticism" directed at the Secretary's questionable administration of the severity regulations in the early 1980s. *See Yuckert,* 107 S.Ct. at 2298–2300 (O'Connor, J., concurring). Given the high quality of counsel's performance and the superb results obtained, the court is convinced that counsel merits a fully compensatory fee encompassing all hours reasonably expended on this litigation. *Hensley,* 461 U.S. at 434–35, 103 S.Ct. at 1939–40.

In light of the foregoing the court will order the Secretary to pay plaintiff's attorney the sum of $7,095.75. The court will likewise enter final judgment affirming the Secretary's decision to award plaintiff supplemental security income benefits. *See Brown* 747 F.2d at 883–85.