**Jeffrey D. RICHARDS, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

**No. 3:92CV7703.**

United States District Court, N.D. Ohio, Western Division.

Feb. 16, 1995.

---

2. The Court notes that the CBA contains a specific nondiscrimination provision.

Jeanne Deimling Johns, William H. Fraser, Toledo, OH, Janet Eileen Pecquet, Advocates For Basic Legal Equality, Inc., Findlay, OH, for plaintiff.

Robert G. Trusiak, Office Of The U.S. Atty., Toledo, OH, for defendant.

### MEMORANDUM AND ORDER

JOHN W. POTTER, Senior District Judge.

■ This action is before the Court on plaintiff's motion for award of attorney's fees, defendant's opposition, and plaintiff's reply. Plaintiff contends that he is entitled to attorney's fees in his social security case pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. For the reasons stated below, plaintiff's motion will be granted.

The EAJA provides:

A court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Thus, eligibility for a fee award under EAJA requires: (1) that the claimant be the prevailing party; (2) that the government's position was not substantially justified; and (3) that no special circumstances make the award unjust. EAJA fees may be awarded in social security cases; however, "any fees awarded pursuant to the EAJA serve as a reimbursement to the claimant for fees paid out of his or her disability award to his or her counsel." *Jankovich v. Bowen*, 868 F.2d 867, 871 (6th Cir.1989) *quoting Meyers v. Heckler*, 625 F.Supp. 228, 231 (S.D.Ohio 1985).

■ Plaintiff has met the first criteria in that he is the prevailing party, and defendant does not argue that special circumstances exist making an award unjust. Rather, defendant argues that plaintiff is not entitled to an award of attorney's fees under EAJA because the government's position was substantially justified. Substantial justification is defined as " 'justified in substance or in the main,' that is, justified to a degree that would satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988). To be substantially justified, the government's position must have a "reasonable basis both in law and fact," and be more reasonable than "merely undeserving of sanctions for frivolousness." *Id.* at 566, 108 S.Ct. at 2550. The burden of persuasion on this issue is borne by the government. *United States v. 0.376 Acres of Land*, 838 F.2d 819, 820 (6th Cir. 1988); *Salmi v. Secretary of Health & Human Servs.*, 712 F.Supp. 566, 569 (W.D.Mich. 1989).

■ Application of this standard in social security cases is difficult because the standard when reviewing a denial of disability is whether the Secretary's decision is supported by substantial evidence. *Kirk v. Secretary of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir.1981), *cert. denied* 461 U.S. 957, 103 S.Ct. 2428, 77 L.Ed.2d 1315 (1983). Substantial evidence in this context is defined as " 'such relevant evidence as a reasonable

mind might accept as adequate to support a conclusion.' It is more than a mere scintilla but less than a preponderance." *Gaffney v. Bowen,* 825 F.2d 98, 100 (6th Cir.1987) (*quoting Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971)). Though the two standards are quite similar, they are not to be read as identical and that the mere reversal of a denial of benefits does not automatically give rise to a claim for EAJA fees. *Pierce,* 487 U.S. at 579 n. 2, 108 S.Ct. at 2557 n. 2 (Brennan, J., concurring); *Hadden v. Bowen,* 851 F.2d 1266, 1269 (10th Cir.1988); *Baker v. Bowen,* 839 F.2d 1075, 1081 (5th Cir.1988); *Couch v. Secretary of Health & Human Servs.,* 749 F.2d 359, 360 (6th Cir.1984).

■ To meet this burden, the Secretary must show there was a reasonable basis in law and fact for her decision, and there was a reasonable connection between her factual conclusions and the legal theory she advanced in support of those conclusions. *Donovan v. DialAmerica Marketing, Inc.,* 757 F.2d 1376, 1389 (3rd Cir.1985). The more difficult it is for a court to determine whether the Secretary has sustained this burden, *i.e.,* the closer the case, the more likely it is that substantial justification exists. *Id.*

■ In the present case, the Secretary's decision was not substantially justified. The ALJ found that plaintiff had a residual functional capacity for the full range of sedentary work which was reduced by the plaintiff's inability to withstand more than low stress and the inability to work in an environment with exposure to smoke, fumes, dust, or other lung irritants. Tr. at 19. In the hearing, the ALJ posed a hypothetical to the vocational expert (VE) that contained the same functional limitations as determined by the ALJ in his opinion:

Okay, assume, if you would, that he could perform sedentary work—would have to be a, a non-hazardous work environment, which for him would be relative freedom from dust, fumes, and smoke. Assume, if you would, that it would have to be a relatively low-stress job, with limited public contact. If you assume those facts, in your opinion, would there be jobs in signif-

icant numbers in the national or regional economies that he could perform?

Tr. 49. The VE responded that there would not be a significant number of positions.

The ALJ modified the hypothetical question to eliminate the functional limitation of an environment free from dust, fumes, and smoke. The VE then testified that plaintiff could perform additional jobs that exist in significant numbers. The ALJ then posed a third question to the VE that asked whether plaintiff's use of a breathing machine at work would have any impact on the jobs referred under the second hypothetical. The VE considered only the time element in using the machine and stated that plaintiff could use it before work, at lunch time, or after work. Thus, he concluded that use of the machine would not impact the number of jobs to which he referred in answering the second hypothetical.

Defendant argues that the VE, in answering the second hypothetical, and the ALJ, in relying upon the same, contemplated placing plaintiff in an environment free from exposure to smoke, fumes, dust, or other lung irritants. Thus, defendant argues that the record arguably demonstrated that the VE identified a significant number of jobs which plaintiff could perform and that, accordingly, the Secretary's determination that plaintiff was not disabled was substantially justified. However, as stated in the Magistrate Judge's report and recommendation of April 1, 1994, which was adopted by this Court on June 13, 1994:

If the ALJ had intended to continue to include the environment limitations, it would appear that the two hypothetical questions would be identical. This would lead to the result that the vocational expert answered the same hypothetical question differently. It is clear the second hypothetical was modified to exclude the environmental limitations.

Based upon the hypotheticals posed by the ALJ and the clear testimony of the VE, this Court finds that the ALJ lacked a reasonable basis for his conclusion that plaintiff could perform a significant number of jobs and that he was not disabled.

Defendant also argues that this Court should find that its position was reasonable because the Magistrate Judge initially found, after reviewing the administrative record, that the Secretary's position was supported by substantial evidence. However, the Court notes that plaintiff had failed to raise the issue of reliance on an improper hypothetical until he filed his objections to the Magistrate Judge's report and recommendation. At that time, this Court recommitted the matter to the Magistrate Judge.

In order to find the Secretary's position substantially justified, both her administrative and litigation position must have been "justified to a degree that could satisfy a reasonable person." *Pierce*, 487 U.S. at 565, 108 S.Ct. at 2550. This Court is unwilling to find the Secretary's position substantially justified simply because plaintiff failed to initially raise the proper arguments.

Having determined that attorney's fees should be awarded under EAJA, the Court must determine what fee is reasonable. *See Commissioner, INS v. Jean*, 496 U.S. 154, 161, 110 S.Ct. 2316, 2320, 110 L.Ed.2d 134 (1990). Plaintiff requests attorney's fees in the amount of $5,310.00 billed as follows:

| | Hours Billed | Rate | Hours Not Billed | Fee |
|---|---|---|---|---|
| Janet E. Pecquet | 0.0 | n/a | 12.75 | 0.00 |
| John M. Keegan | 35.05 | $85/hr | 9.75 | 2979.00 |
| William H. Fraser | 22.20 | $105/hr | 5.80 | 2331.00 |
| Total | 57.25 | | 28.30 | 5310.00 |

■ Defendant objects to the amount of attorney's fees requested as being duplicative and excessive. Specifically, defendant objects to Mr. Fraser requesting compensation for 22.2 hours even though he did not become the lead attorney in the case until after plaintiff's motion for summary judgment had been granted. The Court notes that 4.4 of the 22.2 hours consists of time spent reviewing draft objections to the first report and recommendation which were prepared by Mr. Keegan, meeting with Mr. Keegan regarding the same, and reviewing the second report and recommendation, the government's objections, and this Court's opinion adopting the second report. The Court agrees that these hours are either duplicative of hours billed by Mr. Keegan or represent time spent in training a junior attorney. As such time would not reasonably be billed to one's own client, it cannot be billed to an adversary through a fee-shifting statute. *See Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). Therefore, the total attorney's fees requested will be reduced by $462.00 (4.4 hours × $105.00).

■ However, the remaining 17.8 hours billed by Mr. Fraser will be allowed. Mr. Fraser was substituted as counsel on July 22, 1994. At that time, an award of attorney's fees was still at issue. The 17.8 hours represents time spent on legal research relating to EAJA awards and permissible cost of living adjustments, and on the preparation and drafting of the instant motion and supporting documents. The Court finds 17.8 hours to be reasonable.

■ As for Mr. Keegan's hours, the Court finds 33.85 of the 35.05 hours billed to be reasonable. The 1.2 hours not allowed represent time spent due to the fact that different attorneys were involved in this case at different times (i.e. drafting case transfer memorandum, conference with attorney Pecquet). Accordingly, the total fee will be reduced by an additional $102.00.

■ The amount of fees awarded under EAJA must be based upon prevailing market rates in the Toledo area. *See* 28 U.S.C. § 2412(d)(2)(A). However, Section 2412 imposes an hourly rate cap of $75.00 per hour plus a cost of living increase. *Id.* Defendant agrees that the hourly rate of $85.00 billed for Mr. Keegan's time represents a reasonable rate and reflects a permissible cost of living increase. However, defendant objects

to Mr. Fraser's time being billed at $105.00 per hour. She argues that Mr. Fraser should also be accorded an hourly rate of only $85.00 per hour. The Court, however, does not find this argument well taken.

Mr. Fraser had approximately 16 years of experience as an attorney at the time he worked on this case. The undisputed facts establish that Fraser's billing rate during the relevant period was $165.00 per hour, slightly below the prevailing market rate in Toledo of $169.00 per hour for an attorney with more than 11 years of legal experience. *See* Plaintiff's Exhibit C at ¶ 10(c), 17. Between December, 1986 and April, 1994, average legal service fees rose 46.3%. *See* Plaintiff's Exhibit D, p. 69. Plaintiff requests an enhancement of the EAJA statutory rate of $75.00 per hour by 40%. Based on the information which has been provided to this Court, 40 per cent appears to be a conservative rate upon which to calculate the cost of living increase.[1]

The $105.00 hourly rate sought reflects the increase in the cost of living yet falls below Mr. Fraser's usual hourly rate and the prevailing market rate. Under these circumstances, an increase to the statutory ceiling is warranted. Plaintiff will be awarded fees billed by Mr. Fraser at an hourly rate of $105.00.

THEREFORE, for the foregoing reasons, good cause appearing, it is

ORDERED that plaintiff's motion for attorney's fees pursuant to 28 U.S.C. § 2412 be, and hereby is, GRANTED in the amount of $4,746.00.

---

1. The Consumer Price Index's "other services" index, of which the "legal service fees" index is a subcategory, has been held a more reliable indicator of increases in legal rates than the more general "all items" index. *See United States v. Leasehold Interest in Property*, 789 F.Supp. 1385 (E.D.Mich.1992). While the "legal services fees" index indicates a 46.3 percent increase in attorney fees since 1986, the hourly rate for senior attorneys in the Toledo area increased by 76 percent between 1983 and 1994. *See* Plaintiff's Exhibits E at ¶ 12, and C at ¶ 10(c). Thus, the Court finds a 40 percent enhancement of the statutory cap for fees billed by a Toledo attorney to be appropriate.