Abdel H. BAKAGI, Plaintiff,

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant.**

No. 96–CV–73966–DT.

United States District Court,
E.D. Michigan,
Southern Division.

March 30, 1998.

Robert F. Samoray, Livonia, MI, for Plaintiff.

Mary S. Rigdon, Assist. U.S. Attorney, Detroit, MI, for Defendant.

### OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEY FEES

DUGGAN, District Judge.

This matter is before the Court on plaintiff's motion for an award of attorney fees pursuant to the Equal Access to Justice Act, ("EAJA"), 28 U.S.C. § 2412 et seq. The Court referred the matter to Magistrate Judge Paul J. Komives for a Report and Recommendation ("R & R"). On January 12, 1998, Magistrate Judge Komives recommended that this Court deny the plaintiff's motion. Plaintiff has filed an objection to that portion of the R & R which concludes that the government's position was "substantially justified." Therefore, the Court undertakes a de novo review of those portions of the R & R to which plaintiff objects. 28 U.S.C. § 626(b)(1); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987).

### Background

On August 23, 1996, plaintiff brought the present action seeking judicial review of the

Commissioner of Social Security's denial of his application for disability insurance benefits and supplemental security income. On September 29, 1997, this Court issued an Opinion and Order remanding the case to the Commissioner, pursuant to sentence four of § 405(g), concluding that the decision of the Commissioner was not supported by substantial evidence.

Plaintiff then filed the present motion pursuant to the EAJA, 28 U.S.C. § 2412, seeking an award of attorney fees. Defendant filed a response arguing that plaintiff did not timely file his request or, in the alternative, that the government's litigation position, which relied in part upon the decision of the ALJ to deny benefits, was "substantially justified." Magistrate Judge Komives concluded that the plaintiff's motion was timely filed; however, he recommended denying plaintiff's motion on the basis that the government's litigation position was substantially justified. Plaintiff then filed a specific objection to that portion of the R & R which concluded that the government's litigation position was substantially justified. The Court did not receive any objection to the R & R from the defendant.

### Timeliness

■ Defendant argued that plaintiff failed to timely file his motion in accordance with the provisions of 28 U.S.C. § 2412(d)(1)(B). Magistrate Judge Komives concluded that the motion was timely filed. Defendant did not file any objections to the R & R. Accordingly, for the reasons stated in the R & R, the Court concludes that plaintiff's motion was timely filed.

### Plaintiff's Entitlement to Fees under the EAJA

■ In his motion, plaintiff seeks an award of attorney fees pursuant to 28 U.S.C. § 2412(d)(1)(A). The statute provides, in relevant part:

Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

Plaintiff objects to that portion of the Magistrate Judge's R & R determining that the government's litigation position relying upon the findings of the ALJ was substantially justified. Specifically, plaintiff argues that the government's defense of the ALJ's opinion was unreasonable because the ALJ's opinion was factually inaccurate. In support of this contention, plaintiff argues that the ALJ erroneously based his conclusions upon the expert medical testimony of Dr. Sobel. Plaintiff states Sobel's testimony is less than credible because Sobel, in noting the lack of objective evidence to support the plaintiff's subjective complaints of pain, failed to even address the issue of any limitations or restrictions concerning the work-related activities of plaintiff. Further, plaintiff also argues that the ALJ's reliance was erroneous because Sobel, whom plaintiff alleges lacks the requisite psychiatric qualifications, opined that plaintiff could be suffering from chronic pain behavior instead of exhibiting an objective manifestation of disease. Plaintiff also claims that the vocational expert ("VE") admitted that he relied on the testimony of Dr. Sobel which, in plaintiff's view, is inconsistent with the medical opinions in the record.

■ In order to recover attorney fees under the EAJA, plaintiff must be a prevailing party, the government's position must be without substantial justification and there must be no special circumstances which would warrant a denial of fees. *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir.1991). The undisputed facts reveal that plaintiff is a prevailing party, and the Commissioner has not referred the Court to any special circumstances in this case which would warrant a denial of fees. The Court must therefore determine whether the government's litigation position in this case was substantially justified.

■ Substantial justification is defined as " 'justified in substance or in the main,' that is, justified to a degree that would satisfy a reasonable person." *Pierce v. Under-*

*wood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988); *Perket v. Secretary of Health and Human Servs.,* 905 F.2d 129, 132 (6th Cir.1990). To be substantially justified the government's position must have a "reasonable basis both in law and fact," and be more reasonable than "merely undeserving of sanctions for frivolousness." *Id.* at 566, 108 S.Ct. at 2550. The burden of persuasion on this issue is borne by the government. *United States v. 0.376 Acres of Land,* 838 F.2d 819, 820 (6th Cir.1988). "To meet this burden, the Secretary must show ... there was a reasonable connection between her factual conclusions and the legal theory she advanced in support of those conclusions." *Richards v. Secretary of Health and Human Serv.,* 884 F.Supp. 256, 259 (N.D.Ohio 1995) (citing *Donovan v. DialAmerica Marketing, Inc.,* 757 F.2d 1376, 1389 (3rd Cir.1985)).

▮ In addition, the mere fact that a court has reversed the Commissioner's decision because of lack of "substantial evidence" does not automatically compel a finding that the Commissioner's position on the merits was not "substantially justified" under the EAJA. *Berman v. Schweiker,* 713 F.2d 1290, 1295 n. 18 (7th Cir.1983). As the district court in *Richards v. Secretary of Health and Human Serv., supra,* recently noted:

> Application of this standard [substantial justification] in social security cases is difficult because the standard when reviewing a denial of disability is whether the Secretary's decision is supported by substantial evidence... Though the two standards are quite similar, they are not to be read as identical and the mere reversal of a denial of benefits does not automatically give rise to a claim for EAJA fees.

*Id.* at 258–259 (citations omitted). In order to decide the merits of plaintiff's motion, the Court must review the litigation position of the defendant and determine its reasonableness in light of the facts presented.

In the September 29, 1997 Opinion and Order, this Court determined that the ALJ's decision that plaintiff could perform sedentary work was not supported by substantial evidence.[1] The Court then remanded the case to the Commissioner for a determination as to whether plaintiff could perform other work, or was thus disabled under Step Five.[2] The government's litigation position throughout the disposition of this case has been that the claimant retained the ability to perform medium work as determined by the ALJ in his original opinion. The government based this conclusion on what it characterizes as "few positive objective examination findings." (Gov't Resp. at 5).[3] Plaintiff argues that the government's position is unreasonable because it cannot rely on the ALJ's decision when, as plaintiff contends, the ALJ completely misapplied the law and the facts by reaching the conclusion that plaintiff could perform medium work in light of the testimony of plaintiff's treating physicians.

After careful review of the record below, the Court concludes that the government's litigation position that relied upon the ALJ's conclusion that claimant could perform medium work was substantially justified.

▮ A finding of disability cannot be based on a subjective complaint of pain. To state a compensable disability for a complaint of pain, there must be evidence of an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged pain arising from that condition or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to

---

1. The Court specifically determined that the VE's testimony and the ALJ's determination that plaintiff could perform his past relevant work was not supported by substantial evidence.

2. Under Step five of the sequential process for making disability determinations, the Commissioner is required to show that the claimant is able to perform other work available in the national economy. *Preslar v. Secretary of HHS,* 14 F.3d 1107, 1110 (6th Cir.1994).

3. Specifically, the government contends that an examination in August 1993 "revealed no sensory, motor or reflex abnormalities." (Gov't Resp. at 5–6). In addition, the government notes that cervical spine x-rays were normal and a "CT" scan of the lumbar spine demonstrated disc herniation but did not reveal any evidence of nerve root compromise. *Id.*

the alleged pain. *Jones v. Secretary of HHS,* 945 F.2d 1365, 1369 (6th Cir.1991).

The Court acknowledges that a review of the treating physician's testimony contains references to the subjective complaints of pain of the plaintiff. However, the Court also believes that evidence existed in the medical record upon which the government could have reasonably relied in advancing its litigation position premised upon a lack of objective findings to support the plaintiff's subjective complaints of pain.

The Court believes that based upon the aforementioned testimony of plaintiff's treating physicians it cannot be said that the government's decision to rely upon the findings of the ALJ was an "unreasonable" or "irrational" position. The Court believes that a reasonable interpretation of the medical evidence considered by the ALJ could lead to the conclusion that the objective medical findings contained in the administrative record did not support plaintiff's complaints of pain. In addition, the Court believes that the government also could have reasonably based its litigation position upon the expert opinion of Dr. Robert Sobel. The record reveals that Dr. Sobel noted that while the numerous medical reports submitted by the plaintiff's treating physicians mentioned plaintiff's subjective complaints of pain, the record contained meager objective evidence of neurological deficits. (TR at 53).

While the Court believed (and continues to believe) that the decision of the ALJ was not supported by substantial evidence, the Court, nevertheless, concludes that the government was "substantially justified," based upon the government's interpretation of the medical evidence contained in the record, in opposing plaintiff's claim and presenting arguments in support of the ALJ's decision. In sum, the Court concludes that the litigation position of the United States was substantially justified. Therefore, for the reasons stated herein,

**IT IS ORDERED** that plaintiff's motion for attorney fees is **DENIED.**