Anita DOUD, Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY, Defendant.

No. 02–CV–71749–DT.

United States District Court,
E.D. Michigan,
Southern Division.

Oct. 28, 2003.

Lewis M. Seward, Seward, Tally, Bay City, MI, for Anita L. Doud, Plaintiff.

Geneva S. Halliday, United States Attorney's Office, Detroit, MI, for Social Security, Commissioner of, Defendant.

## ORDER

JULIAN ABELE COOK, Jr., District Judge.

On August 18, 2003, the Plaintiff, Anita Doud ("Doud") filed a motion for attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 *et seq.* Three days later (August 21, 2003), the Defendant, the Commissioner of Social Security, filed her response in opposition to the motion. For the reasons that are set forth below, this Court grants Doud's motion for attorney fees.

## I.

This action arises from a claim that was filed on July 23, 1998 by Doud who seeks to obtain social security and disability benefits from the Social Security Administration ("SSA"). In her petition, Doud submits that she has been disabled and unable to acquire gainful employment since June 29, 1998 because of dysthymia, an adjustment disorder with a depressed mood, a personality disorder, an affective disorder, and a peptic ulcer. When the SSA denied Doud's application, she asked for, and received, a hearing before an administrative law judge (ALJ) on November 30, 1999. Although Doud's quest for disability benefits at this hearing was unsuccessful, the Appeals Council remanded the case, stating that the ALJ had failed to give adequate consideration to her claims of depression and obesity. Thereafter, these issues were assigned to another ALJ who concluded that Doud was not entitled to receive disability benefits. It was his belief that, notwithstanding Doud's assertions of depression and obesity, she was capable of performing a range of light work. When the Appeals Council refused to overturn the second ALJ decision, Doud commenced this lawsuit. Subsequent to the filing of a responsive pleading by the Commissioner, the parties filed motions for summary judgment pursuant to Fed. R.Civ.P. 56.. [1] On March 31, 2003, the magistrate judge, to whom the respective motions were assigned for a recommendation, filed a Report according to 28 U.S.C. § 636(b)(1)(A). In his Report, he recommended that the Court (1) grant Doud's motion for summary judgment, (2) deny the Commissioner's motion for dispositive relief, and (3) remand the case to the Commissioner for a computation and payment of benefits to which Doud was entitled. Following its review of the record, the Court adopted the Report of the magistrate judge without modification and en-

---

**1.** Doud filed her motion for summary judgment on December 11, 2002. Approximately five weeks later (January 17, 2003), a similar dispositive pleading was filed by the Commissioner.

tered a judgment in Doud's favor on June 2, 2003.

## II.

On August 18, 2003, Doud filed a motion in an effort to obtain attorney fees, as authorized by the Equal Access to Justice Act, 28 U.S.C. § 2412 *et seq.* ("EAJA"), which reads, in pertinent part, as follows:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

In order to succeed on a motion for attorneys fees under the EAJA, the plaintiff must file her motion within a period of thirty days of a final judgment in which she prevailed. 28 U.S.C. § 2412(d)(1)(B). Here, it is undisputed that (1) Doud filed her motion for attorney fees in a timely manner, and (2) she is the "prevailing party," as this phrase is used in 28 U.S.C. § 2412(d)(1)(A). Moreover, the Commissioner's response to Doud's motion failed to identify any special circumstances that would warrant a denial of attorney fees. Thus, it appears that the only issue for the Court to decide is whether the Commissioner's decision to deny benefits to Doud was substantially justified.

 A decision by the Commissioner is legally supportable under Section 2412(d)(1)(A) if it is " 'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood,* 487 U.S.

552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). The Government bears the burden of persuasion on this issue. *United States v. 0.376 Acres of Land,* 838 F.2d 819, 820 (6th Cir.1988). In *Pierce,* the Supreme Court explained that "a position can be justified even though it is not correct, and we believe it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Id.* at 566 n. 2, 108 S.Ct. 2541.

 A district court, in its review of a plaintiff's motion for attorney fees under the EAJA, must make an independent evaluation of whether the Government's position was "substantially justified," regardless of the legal standard that was applied in reviewing the merits of the underlying case. *Federal Election Comm'n v. Rose,* 806 F.2d 1081, 1087 (D.C.Cir. 1986). Initially, a district court judge must evaluate the Commissioner's decision in order to determine if the administrative findings were supported by substantial evidence. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Walters v. Commissioner of Social Sec.,* 127 F.3d 525, 528 (6th Cir.1997). However, a reversal by the trial court of an administrative decision which had produced a rejection of the applicant's request for disability benefits does not automatically compel a finding that the Commissioner's position on the merits was not "substantially justified" under the EAJA. *Bakagi v. Commissioner of Social Sec.,* 3 F.Supp.2d 784, 787 (E.D.Mich.1998).

## II.

 In his Report, the magistrate judge focused on two issues that had been raised by the Commissioner which, in her opinion, justified the denial of benefits to Doud. The first issue relates to the deference that should be accorded to the medical

opinion of Doud's long-time treating physician, Dr. William George, who had opined that his patient's depression had precluded her from performing full time work. The ALJ reasoned that, although Dr. George had been Doud's treating physician for many years, he "nevertheless is not a mental health specialist...His opinion..is more acceptable of a professional whose speciality is in the mental health field and thus cannot be fully accepted." Magistrate Judge's Report at 10. However, the magistrate judge reasoned in his Report that Dr. George's opinion was consistent with the medical evidence in the record, as well as Doud's statements about her disabling depression.

Based on the findings within this Report, the Court concludes that the Commissioner was not substantially justified in her decision to completely disregard the merits of Dr. George's opinion because he was not a mental health specialist.

■ There are five principal factors involved in evaluating the weight of a medical opinion; namely, (1) the examining relationship; (2) the treatment relationship; (3) supportability; (4) consistency; and (5) specialization. 20 C.F.R. § 404.1527(d) (2003). Although Dr. George is not a mental health specialist, it is undisputed that he had examined and treated Doud for over five years. As her long-time physician, he had more experience with Doud's physical, emotional, and psychological condition than any other health professional. His observations and conclusions were also consistent with the other medical evidence in this case, including the opinions of Laura Alton (psychotherapist), Drs. Ron Melvin and Mumtaz Suleman (psychiatrists), and Dr. George Pestrue (psychologist). Based upon this record, Dr. George's opinion should have been given "deferential weight." Magistrate Judge's Report at 10. Inasmuch as the Commissioner has failed to set forth a "reasonable basis in law or

fact" for rejecting Dr. George's opinion, it is clear that the Government has not satisfied its burden of providing the Court with a "substantial justifi[cation]" for its position in this case. *Pierce v. Underwood,* 487 U.S. 552, 566 n. 2, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988).

■ The second issue, which was addressed by the magistrate judge in his Report, relates to the credibility of Doud's testimony. The ALJ discounted Doud's allegations of disabling symptoms, noting that she had enrolled in several college courses and engaged in a variety of daily activities, such as cooking, cleaning, shopping, and interacting with her family. In his evaluation of the evidence, the ALJ expressed the view that Doud's "allegations of the intensity, persistence and functionally limiting effects of her symptoms are very exaggerated and not substantiated by the objective medical or other evidence in the case record and therefore her allegations in this regard are not wholly credible." Magistrate Judge's Report at 10. By contrast, it is the belief of the magistrate judge that the ALJ had failed to give any reasonable consideration to Doud's complaints of depression and uncontrollable temper or her desire to be isolated from family and friends.

After review of the ALJ's conclusions on this issue, the Court is satisfied that the Commissioner was not substantially justified in rejecting Doud's testimony on credibility grounds. As the magistrate judge pointed out, Doud's statements about her depression and violent temper were consistent with the testimony of her co-workers, family members, friends, and classmates. The medical opinions of Drs. George, Melvin and Pestrue corroborated Doud's statements about her depression and personality disorder. Doud was also admitted to the hospital on two separate occasions in 1998 for depression, uncontrollable anger,

and "an inability to sort out her problems or make decisions." Magistrate Judge's Report at 11. Doud's testimony about her disabling conditions reflect the objective medical evidence and the testimony of her friends, family and co-workers, and consequently, her statements should have been deemed credible. The Commissioner has failed to provide "substantial evidence" or even provide the Court with a "rational basis in law and fact" for rejecting Doud's testimony. As such, the Commissioner has not satisfied her burden of providing a "substantial justifi[cation]" for its decision to deny benefits to Doud. *Pierce*, 487 U.S. at 566 n. 2, 108 S.Ct. 2541.

Since the Commissioner has failed to demonstrate that its conclusion was "substantially justified," this Court concludes that Doud should be awarded attorney fees under the EAJA. Accordingly, Doud's motion for attorney fees is granted, and she is awarded the sum of Four Thousand Four Hundred Eighty Six Dollars ($4,486.00) as attorney fees.

IT IS SO ORDERED.